UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>A.B. WATLEY GROUP, INC., PAUL F. COUGHLIN, WILLIAM B. DEAKINS, WARREN R. FELLUS, KEITH M. GELLER, KEEVIN H. LEONARD, ROBERT F. MALIN, STEVEN E. MALIN, LINUS N. NWAIGWE, MICHAEL A. PICONE, BRYAN S. ROGERS, AND KEITH A. ROGERS,<br><br>Defendants. | 06 Civ. 1274 (ILG) (SMG) |

**FINAL JUDGMENT AS TO DEFENDANT BRYAN S. ROGERS**

The Securities and Exchange Commission having filed a Complaint and Defendant Bryan S. Rogers having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 15(c) of the Exchange Act [15 U.S.C. § 78o(c)] by knowingly providing substantial assistance to a broker-dealer:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading: or

(c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $15,800, representing profits gained as a result of the conduct alleged in the complaint, together with prejudgment interest thereon in the amount of $6,962.07, for a total amount of $22,262.07. Defendant shall satisfy this obligation by paying $22,262.07 pursuant to the terms of the payment schedule set forth in Paragraph V below. Payment shall be made on or before the due dates set forth therein by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange

Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Bryan Rogers as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that:

(a) Bryan Rogers shall pay $22,262.07 as follows:

    (i) In a payment of $2,500 within 14 days of the entry of this Final Judgment;

    (ii) In 47 monthly installments of $422.13 plus accrued interest on the outstanding balance of the Judgment, payable in arrears, the first payment to be due on the first day of the month following 14 days from the entry of this Final Judgment, and on the first day of each month thereafter; and

    (iii) In a final installment of $421.96 plus accrued interest on the outstanding balance of the Judgment, payable in arrears, on the first day of the month following the last of the 47 payments referred to in (ii) above.

(b) If Bryan Rogers fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

(c) The obligation of Bryan Rogers to make such payments shall be secured by a mortgage upon property owned by Bryan Rogers and Nancy Rogers. Nancy Rogers shall have

4

no personal liability by reason of her executing such mortgage. If Bryan Rogers fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, the Commission may enforce such mortgage, including foreclosing the same.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: October 5th, 2010

/Signed by Judge Glasser/
UNITED STATES DISTRICT JUDGE